"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNETKA VADEN,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 05-5866 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

## II. BACKGROUND

Plaintiff was born on February 4, 1961, and was 43 years old at the time of the administrative hearing. [Administrative Record ("AR") at 13, 205.] Plaintiff completed

the high school, but has no past relevant work experience. [AR at 13, 205.]

Plaintiff filed an application for SSI on September 12, 2003. [AR at 12, 41-44.] Plaintiff claims that she has been disabled since December 1, 1997,[1/] due to a slipped disc in her neck and back pain. [AR at 13.] Plaintiff's application was denied at the administrative level. [AR at 28-32.] At Plaintiff's request, a hearing was held before an ALJ on December 1, 2004. [AR at 202-23.] On January 14, 2005, the ALJ issued a decision denying Plaintiff's application for benefits. [AR at 12-20.] When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. [AR at 4-6.] Plaintiff then commenced this action for judicial review.

## III. DISCUSSION

### A. Standard of Review

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the

---

[1/] Plaintiff previously filed an application for SSI on June 28, 2001. [AR at 12.] That application was denied on the initial level on November 11, 2001. [AR at 12.] The Administrative Law Judge ("ALJ") found that there was no good cause or any other basis to justify a reopening of Plaintiff's previous application for SSI. [AR at 12.]

Page 2

evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. 42 U.S.C. §§ 423(d)(5); 1382c(a)(3)(H)(i); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

**B.    The Five-Step Sequential Analysis**

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

The fourth and fifth steps require that the ALJ assess the claimant's residual functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities to perform work. 20 C.F.R. §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. 20 C.F.R. §§ 404.1545(b), 416.945(b). Mental, environmental and other limitations such as the ability to see and hear are also part of the RFC determination. 20 C.F.R. §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id*. The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. 20 C.F.R. §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id*.

If the answer to any of the questions in the five-step analysis establishes the

claimant is or is not disabled, the evaluation ends. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

In the decision denying benefits, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. [AR at 15.] While the ALJ found that Plaintiff suffers from the severe impairments of multilevel degenerative disc disease of the cervical and lumbar spine, fibromyalgia, possible rheumatoid arthritis, asthma, and obesity, the ALJ determined that Plaintiff's impairments did not meet or equal one of the impairments in the Listings. [AR at 16.] In assessing RFC, the ALJ found that Plaintiff was capable of lifting, carrying, pushing and pulling 20 pounds frequently and 30 pounds occasionally, standing and walking six hours, and sitting without restriction. [AR at 16.] The ALJ further found that Plaintiff was precluded from climbing ladders, crawling, and performing work involving overhead activities, unprotected heights, dangerous machinery, and environments having noxious fumes, smoke or high levels of dust. [AR at 16-17.] Although the ALJ found that Plaintiff has no past relevant work, the ALJ determined that Plaintiff was capable of performing a significant number of jobs, including work as a mail clerk, counter clerk (photo), and cafeteria attendant. [AR at 17-18.]

**C.  Analysis**

Plaintiff reported a variety of symptoms and limitations. She complained that she hears voices, suffers from depression, has suicidal thoughts, and experiences pain in her neck, spine, left hip, tailbone, hands, elbows, feet, back, knees, and chest. [AR at 205, 207, 209-14.] She also contends that she has difficulty sitting, standing, or walking more than five to ten minutes at a time and is unable to cook, dress herself, or lift of carry more than five to ten pounds. [AR at 208, 211, 216.] Plaintiff asserts that the ALJ erred by failing to properly evaluate her pain testimony. The Commissioner disagrees.

In assessing credibility, "the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148

(9th Cir. 2001)(quoting *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)). If a claimant produces objective medical evidence that he suffers from an ailment that could cause pain, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ may not reject a claimant's statements regarding her limitations solely because they are not supported by objective evidence. *Tonapetyan*, 242 F.3d at 1147-48. However, "[w]here the evidence is susceptible to more than one rational interpretation," the ALJ's conclusions must be upheld. *Morgan v. Commissioner of Social Security*, 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ identified specific, clear and convincing reasons for discrediting Plaintiff's testimony. For example, although Plaintiff complained of debilitating pain, Plaintiff's medical treatment had been conservative. [AR at 17.] Surgical intervention had not been recommended by Plaintiff's doctors. [AR at 17]; *Fair*, 885 F.2d at 604 (finding that claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment" and lack of hospitalization for evaluation of treatment of alleged symptoms). Further, although Plaintiff reported that she hears voices, has suicidal thoughts and feels depressed all the time, Plaintiff's own treating therapist reported that Plaintiff "does not portray herself in a credible fashion and [is] apt to exaggerate her symptoms." [AR at 149.] The ALJ was permitted to draw rational inferences concerning Plaintiff's credibility based upon the therapist's report. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789 (9th Cir. 1997)("[a]n ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony"); *Fair*, 885 F.2d at 603 ("We see no reason why ordinary techniques of credibility evaluation should not be applied" in SSA disability hearings....[I]f a claimant ... is found to have been less than candid in other aspects of his testimony, that may properly be taken into account in determining whether his claim of disabling pain should be believed."). Finally, the ALJ cited a lack of objective medical evidence to substantiate Plaintiff's complaints of chronic and severe pain. [AR at 17]; 20 C.F.R. § 416.929(c)(2)(explaining

1  that the medical evidence is a relevant factor in determining the severity of the claimant's
2  pain and its disabling effects). Accordingly, the ALJ's decision to discount Plaintiff's
3  subjective symptom testimony is supported by substantial evidence.

## IV. CONCLUSION

The Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: June 14, 2006           /s/ Arthur Nakazato
                               ARTHUR NAKAZATO
                               UNITED STATES MAGISTRATE JUDGE